| | | |
|---|---|---|
| Fill in this information to identify your case: | | |
| Debtor 1 | **Joel  Council** | ☒ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name    Middle Name              Last Name | |
| Debtor 2 | **Maria Victoria Council** | |
| (Spouse, if filing) | First Name    Middle Name              Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | ☒ Pre-confirmation modification |
| | | ☐ Post-confirmation modification |
| Case number: | **19-06189** | |
| (If known) | | 2.1; 3.1; 3.2; 3.3; 3.4; 8.1 |

District of South Carolina
# Chapter 13 Plan                                                                                                                    5/19

## Part 1:   Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☒ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☒ Included | ☐ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☒ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

 **$619.00**  per **Month** for **3** months
 **$2075.00**  per **Month** for **3** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

| Debtor | Joel Council<br>Maria Victoria Council | Case number | **19-06189** |
|---|---|---|---|

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2　Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐　The debtor will make payments pursuant to a payroll deduction order.
☒　The debtor will make payments directly to the trustee.
☐　Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☒　The debtor will retain any income tax refunds received during the plan term.

☐　The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☒　**None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:　Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1　Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

☐　None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☐　**3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

☒　**3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage<br>(if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| **BRAESAEL MANAGEMENT** | **DEBTORS RESIDENCE-5076 TIMBER FALLS DRIVE, FORT MILL SC 29707** | **$5,336.40**<br>Includes amounts accrued through the **December 2020** | **0.00%** | **$89.00**<br>(or more) |

| Debtor | Joel Council<br>Maria Victoria Council | | Case number | 19-06189 | |
|---|---|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| US BANK | DEBTORS RESIDENCE-5076 TIMBER FALLS DRIVE, FORT MILL SC 29707 | $75,752.83<br>Includes amounts accrued through the **December 2020** | 0.00% | $1263.00<br>(or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

☒ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒  The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|

| Debtor | Joel Council<br>Maria Victoria Council | | | | Case number | 19-06189 | |
|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| AUTO MONEY | $6,639.11 | 2014 KIA SOUL | $6,385.00 | $0.00 | $6,385.00 | 6.25% | $125.00<br>(or more) |
| REAL TIME RESOLUTION | $54,176.52 | DEBTORS RESIDENCE-5076 TIMBER FALLS DRIVE, FORT MILL SC 29707: TO BE VALUED IN PLAN | $246,800.00 | $332,000.00 | $0.00 | 0.00% | $0.00<br>(or more) |

*Insert additional claims as needed.*

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| SC DEPT OF REVENUE | ALL REAL AND PERSONAL PROPERTY UNENCUMBERED BY LIENS | $177.38 | 6.25% | $5.00<br>(or more)<br><br>Disbursed by:<br>☒ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

District of South Carolina

| | Debtor | **Joel Council** | | Case number | **19-06189** | |
| | | **Maria Victoria Council** | | | | |

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
   ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked***

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| LVNV FUNDING DEBTORS RESIDENCE-5076 TIMBER FALLS DRIVE, FORT MILL SC 29707: 522(F) VOIDABLE | $7,452.05 | $391,447.92 | 54,875.00 S.C. Code Ann. § 15-41-30(A)(1)(a) | $246,800.00 | $0.00 | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1    General**
The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the

Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**     **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**     **Attorney's fees.**

      a.     The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

      b.     If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $\_\_\_\_ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $\_\_\_\_ or less.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐     **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

      a.     Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $\_\_\_\_ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

      b.     The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

      c.     Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:     Treatment of Nonpriority Unsecured Claims

**5.1**     **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

| Debtor | Joel Council<br>Maria Victoria Council | Case number | **19-06189** |
|---|---|---|---|

- ☒ The debtor estimates payments of less than 100% of claims.
- ☐ The debtor proposes payment of 100% of claims.
- ☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

8.1(a) Cure of post-petition mortgage delinquency.

The debtor's post-petition mortgage arrearage will be paid in full through disbursements by the trustee.

| Name of Creditor | Description of Collateral<br><br>(note if principal residence; include county tax map number and complete street address) | Estimated amount of post-petition arrearage | Months being paid as post-petition arrearage | Monthly plan payment on post-petition arrearage |
|---|---|---|---|---|
| | | | | |

| Debtor | Joel Council<br>Maria Victoria Council | | Case number | **19-06189** |
|---|---|---|---|---|

| US BANK | DEBTORS RESIDENCE-5076 TIMBER FALLS DRIVE, FORT MILL SC 29707, LANCASTER COUNTY, TMS# (0009-P-0C-037.00) | $3,685.32 | JANUARY 2020; FEBRUARY 2020 | $62.00 |
|---|---|---|---|---|

\* Unless otherwise ordered by the court, the arrearage will be calculated from the months listed above, with payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Mortgage Payment Change.

## Part 9:  Signatures:

**9.1   Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| | |
|---|---|
| X  **/s/ Joel Council**<br>**Joel Council**<br>Signature of Debtor 1 | X  **/s/ Maria Victoria Council**<br>**Maria Victoria Council**<br>Signature of Debtor 2 |
| Executed on   **February 21, 2020** | Executed on   **February 21, 2020** |
| X  **/s/ JASON T. MOSS**<br>**JASON T. MOSS 7240**<br>Signature of Attorney for debtor  DCID# | Date   **February 21, 2020** |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: Joel Council<br><br>Maria Victoria Council<br><br><br>DEBTOR(S) | CASE NO: 19-06189<br><br>CHAPTER 13<br><br><br>CERTIFICATE OF SERVICE |

    THE UNDERSIGNED HEREBY CERTIFIES THAT HE/SHE PROPERLY SERVED THE FOREGOING NOTICE OF CONFIRMATION HEARING AND MODIFIED PLAN TO ALL CREDITORS VIA REGULAR MAIL, POSTAGE PREPAID.

William K. Stephenson, Jr
Chapter 13 Trustee
Electronic service only

SEE ATTACHED LIST


DATE <u>02/21/20</u>　　　　　　　　　　/s/ Cameron Pruitt
　　　　　　　　　　　　　　　　　　Moss & Associates, Attorneys, P.A.
　　　　　　　　　　　　　　　　　　816 Elmwood Avenue
　　　　　　　　　　　　　　　　　　Columbia, South Carolina 29201

```
Label Matrix for local noticing          AMCOL SYSTEMS                      AMERICAN EXPRESS
0420-3                                   PO BOX 21625                       PO BOX 650448
Case 19-06189-hb                         Columbia SC 29221-1625             Dallas TX 75265-0448
District of South Carolina
Columbia
Fri Feb 21 17:27:22 EST 2020

AT&T                                     ATRIUM HEALTH                      ATRIUM HEALTH
1 AT&T WAY, ROOM 3A104                   216 LE PHILLIP COURT               PO BOX 71108
Bedminster NJ 07921-2694                 Concord NC 28025-2954              Charlotte NC 28272-1108


ATTORNEY GENERAL OF UNITED STATES        (p)AUTOMONEY  INC                  BANFIELD PET HOSPITAL
950 PENNSYLVANIA AVE, NW                 ATTN ABIGAIL SCUDDER DUFFY         PO BOX 64378
Washington DC 20530-0001                 450 MEETING ST                     Saint Paul MN 55164-0378
                                         CHARLESTON SC 29403-5522


BRAESAEL MANAGEMENT                      CAPITAL ONE                        CAROLINAS HEALTHCARE SYSTEM
PO BOX 99051                             PO BOX 71083                       PO BOX 2090
Raleigh NC 27624-9051                    Charlotte NC 28272-1083            Morrisville NC 27560-2090


CAROLINAS HEALTHCARE SYSTEM              CAROLINAS HEALTHCARE SYSTEM        CHRISTIAN STANESCU
PO BOX 71108                             PO BOX 96072                       CAROLYN DALEY SCOTT
Charlotte NC 28272-1108                  Charlotte NC 28296-0072            PO BOX 214
                                                                            PORT JEFFERSON STATION NY 11776-0214


CHRISTIAN STAWES CREDIT UNION            CITIBANK                           (p)CITIFINANCIAL
PO BOX 314                               PO BOX 6500                        BANKRUPTCY FORECLOSURE UNIT
Port Jefferson Station NY 11776-0314     Sioux Falls SD 57117-6500          1000 TECHNOLOGY DRIVE
                                                                            OFALLON MO 63368-2239


CMC - STEELE CREEK                       Joel Council                       Maria Victoria Council
2001 VAIL AVENUE                         5076 Timber Falls Drive            5076 Timber Falls Drive
Charlotte NC 28207-1248                  Fort Mill, SC 29707-8781           Fort Mill, SC 29707-8781


(p)DELL FINANCIAL SERVICES               DOCTORS CARE                       DR MARK SNYDER
P O BOX 81577                            PO BOX 63418                       119 ROCKLAND CENTER
AUSTIN TX 78708-1577                     Charlotte NC 28263-3418            Nanuet NY 10954-2956


DURHAM & DURHAM                          Robert P Davis                     Duvera EasyPay Finance
5665 NEW NORTHSIDE DRIVE                 Rogers Townsend & Thomas, PC       PO BOX 2549
STE 340                                  PO Box 100200                      Carlsbad, CA 92018-2549
Atlanta GA 30328-5834                    Columbia, SC 29202-3200


FBCS                                     FRANKLIN COLLECTION SERVICES       HALSTED FINANCIAL SERVICES
841 E. HUNTING PARK AVE                  PO BOX 3910                        PO BOX 828
Philadelphia PA 19124-4800               Tupelo MS 38803-3910               Skokie IL 60076-0828
```

| | | |
|---|---|---|
| HARRIS CONNECT<br>PO BOX 2910<br>Chesapeake VA 23327-2910 | HEALTHCARE RECEIVABLE<br>PO BOX 10168<br>Knoxville TN 37939-0168 | HORIZON EYE CARE<br>PO BOX 60160<br>Charlotte NC 28260-0160 |
| HSBC<br>PO BOX 5253<br>Carol Stream IL 60197-5253 | IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | JC PENNY<br>PO BOX 447<br>Sycamore IL 60178-0447 |
| LANCASTER COUNTY CLERK OF COURT<br>104 N MAIN STREET<br>Lancaster SC 29720-2410 | LANCASTER COUNTY SPECIAL REFEREE<br>408 N MAIN STREET<br>Lancaster SC 29720-2134 | LEGACY PARK HOMEOWNERS<br>PO BOX 2981<br>Matthews NC 28106-2981 |
| LVNV FUNDING<br>PO BOX 1116<br>Charlotte NC 28201-1116 | LVNV FUNDING<br>PO BOX 390846<br>Minneapolis MN 55439-0846 | LVNV Funding LLC<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Legacy Park Homeowners Association, Inc.<br>c/o Sellers, Ayers, Dortch & Lyons, P.A.<br>301 S. McDowell St., Ste. 410<br>Charlotte, NC 28204-2681 | MEDICAL DATA SYSTEMS<br>645 WALNUT STREET, SUITE 4<br>Gadsden AL 35901-4173 | MEDICREDIT<br>PO BOX 1629<br>Maryland Heights MO 63043-0629 |
| MEINEKE<br>PO BOX 2549<br>Carlsbad CA 92018-2549 | MERCHANT CREDIT GUIDE<br>223 W JACKSON BLVD<br>Chicago IL 60606-6908 | Sean P. Markham<br>Markham Law Firm, LLC<br>PO Box 20074<br>Charleston, SC 29413-0074 |
| Jason T. Moss<br>Moss & Associates, Attorneys, P.A.<br>816 Elmwood Avenue<br>Columbia, SC 29201-2027 | NEW YORK DEPARTMENT OF TAXATION AND FINA<br>99 WASHINGTON AVENUE<br>Albany NY 12255-1100 | NY STATE DEPT OF UNEMPLOYMENT<br>PO BOX 1195<br>Albany NY 12201-1195 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | REAL TIME RESOLUTION<br>1349 EMPIRE CENTRAL DRIVE<br>SUITE 150<br>Dallas TX 75247-4029 | RICHARDSON, PLOWDEN & ROBINSON, P.A.<br>PO DRAWER 7788<br>Columbia SC 29202-7788 |
| ROGERS TOWNSEND & THOMAS<br>PO BOX 100200<br>Columbia SC 29202-3200 | SELECT PORTFOLIO SERVICING<br>PO BOX 65250<br>Salt Lake City UT 84165-0250 | SILVER SCRIPT<br>PO BOX 504849<br>Saint Louis MO 63150-4849 |
| SOCIAL SECURITY ADMINISTRATION<br>1 JAMAICA CENTER PLAZA<br>Jamaica NY 11432-3898 | SOCIAL SECURITY ADMINISTRATION<br>SOUTHEASTERN PROGRAM SERVICE CENTER<br>1200 8TH AVENUE NORTH<br>Birmingham AL 35285-0003 | SOCIAL SECURITY ADMINISTRATION<br>STROM THURMOND FEDERAL BLDG<br>1835 ASSEMBLY STREET<br>Columbia SC 29201-2461 |

| | | |
|---|---|---|
| SOUTH CAROLINA STATE HOUSING<br>FINANCE AND DEVELOPMENT AUTHORITY<br>300-C OUTLET POINTE BLVD<br>Columbia SC 29210-5652 | STATE OF SOUTH CAROLINA<br>PO BOX 2535<br>Columbia SC 29202-2535 | STERN RECOVERY SERVICE<br>415 N. EDGEWORTH STREET<br>Greensboro NC 27401-2071 |
| South Carolina Department of Revenue<br>PO Box 12265<br>Columbia, SC 29211-2265 | Stephen C. Sellers<br>Sellers, Ayers, Dortch & Lyons, P.A.<br>301 S. McDowell St., Ste. 410<br>Charlotte, NC 28204-2681 | William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 |
| THE CAROLINAS EMERGENCY GROUP<br>PO BOX 14000<br>Belfast ME 04915-4033 | THE CAROLINAS EMERGENCY GROUP<br>PO BOX 277221<br>Atlanta GA 30384-7221 | The Charlotte-Mecklenburg Hospital Authority<br>PO BOX 71108<br>CHARLOTTE, NC 28272-1108 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | U.S. Bank, N.A.<br>c/o Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City, UT 84165-0250 | UCI MEDICAL AFFILIATES<br>PO BOX 63418<br>Charlotte NC 28263-3418 |
| US ATTORNEY'S OFFICE<br>ATTN DOUG BARNETT<br>1441 MAIN ST STE 500<br>Columbia SC 29201-2862 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AUTO MONEY<br>9520 CHARLOTTE HWY<br>Fort Mill SC 29707 | (d)AutoMoney, Inc.<br>450 Meeting St.<br>Charleston, SC 29403 | CITIFINANCIAL<br>300 SAINT PAUL PLACE<br>Baltimore MD 21202 |
| DELL<br>PO BOX 6403<br>Carol Stream IL 60197 | PORTFOLIO RECOVERY<br>PO BOX 12914<br>Norfolk VA 23541 | (d)Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)STUDENT LOANS | (u)U.S. Bank, N.A., successor trustee to LaSa | End of Label Matrix<br>Mailable recipients 72<br>Bypassed recipients 2<br>Total 74 |